IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| BRIAN CARRIER | § | |
| (Williamson County #07-109737) | § | |
| (TDCJ # 2122839) | § | |
| | § | |
| V. | § | A-16-CA-1023-LY |
| | § | |
| LT. McKNIGHT, LT. WILLIAMS, | § | |
| EMT ALBE, EMT KENDRICK, | § | |
| LT. WHELESS, and | § | |
| WILLIAMSON COUNTY JAIL | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

Before the Court are Plaintiff's complaint [#1], Plaintiff's more definite statement [#24-25], Motions to Dismiss filed by Defendant Albe [#29], Defendant Kendrick [#30], Defendant McKnight [#31], Defendant Williams [#32], Defendant Wheless [#33], which were converted to a motion for summary judgment, Defendants' Supplemental Motion for Summary Judgment [#42], and Plaintiff's response thereto [#43]. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

1

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Williamson County Jail. Plaintiff alleges he was arrested on May 15, 2016, and brought to the Williamson County Jail. Plaintiff indicates he got into a verbal confrontation with Lt. McKnight, who had him tased repeatedly over 15 times in a three-day period. Plaintiff claims he was "shot up" repeatedly by medical staff for a three-day period while he was strapped to the emergency restraint chair in the "V.C. cell." Plaintiff contends he was put into a coma for three days as a result. He claims he passed out at the jail and woke up in the St. David's Medical Center in Round Rock.

Plaintiff sues the Williamson County Jail, Lt. McKnight, Lt. Williams, EMT Albe, EMT Kendrick, and Lt. Wheless, who was previously identified as Lt. Willis. He seeks an unspecified amount of monetary damages.

After consideration of Plaintiff's complaint, he was ordered to file a more definite statement specifying what acts each defendant did to violate his constitutional rights. Plaintiff alleges Lt. McKnight and Lt. Williams ordered other officers to tase him and strap him to a chair. Plaintiff alleges EMT Albe injected him with a sedative against his will and EMT Kendrick did not listen to Plaintiff's screams to not shoot him up with anything and failed to tend to Plaintiff when he had seizures. Plaintiff alleges Lt. Wheless gave the orders to the EMT's to shoot him up.

Defendants McKnight, Williams, Albe, Kendrick, and Wheless filed motions to dismiss Plaintiff's complaint. The Court converted the motions to a motion for summary judgment and allowed the parties the opportunity to file summary judgment evidence.

Defendants provide the Court with video evidence regarding the events in question. Defendants point out the defendants did not give any shots to Plaintiff and did not direct or order any

2

injections or sedation of Plaintiff. Rather, a paramedic from the City of Georgetown Fire Department gave the injection to sedate Plaintiff on May 17, 2016, in order to transport Plaintiff to the hospital emergency room. Moreover, the defendants assert involuntary medication was necessary and in Plaintiff's interest.

In addition, Defendants Williams and Albe deny they participated in any of the taserings or alleged injections. According to Defendants, Williams and Albe were not present during any of the events and time periods alleged by Plaintiff. Defendant Wheless indicates he was only present on May 17, 2016, when Plaintiff was given an injection by a paramedic working for the City of Georgetown EMS for sedation prior to Plaintiff's transport to the hospital.

Defendants admit Plaintiff was tasered on two different occasions by other officers when Defendant McKnight was present. They assert, on each occasion, the tasering was a necessary and reasonable use of force due to Plaintiff's violent, aggressive and non-compliant actions that threatened officer safety or Plaintiff's own safety. Defendants explain Plaintiff flooded his cell on May 16, 2016. Plaintiff was tasered on this date when he threatened officers who needed him to exit the cell and was aggressive and non-compliant with officers' orders to move back from the door.

Defendants indicate Plaintiff was tasered again on May 17, 2016, when Defendant McKnight and Kendrick were present. On this occasion, Defendants assert Plaintiff was in another agitated mental state, striking and banging the cell door of Violent Cell-1, making a great deal of loud noise, and refusing to comply with instructions. When officers opened the cell door to enter and subdue him for placement in an emergency restraint chair, Plaintiff immediately ran out of the cell and into the open room of the booking area. Defendants indicate Plaintiff was tasered while going to the floor with several officers on the floor with him as he actively and physically resisted being restrained.

Defendants assert, although McKnight and Kendrick were present at the time of the tasering, the shooting of the taser gun was by another officer.

## DISCUSSION AND ANALYSIS

A. Williamson County Jail

The Williamson County Jail is not a legal entity capable of being sued. See Guidry v. Jefferson County Detention Center, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit); Darby v. Pasadena Police Dep't, 939 F.2d 311 (5th Cir. 1991) (holding that police and sheriff's departments are governmental subdivisions without capacity for independent legal action). Accordingly, the Court did not order service upon the jail, and Plaintiff's claims against the jail should be dismissed.

B. Summary Judgment Standard

A court will, on a motion for summary judgment, render judgment if the evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Eason v. Thaler, 73 F.3d 1322, 1325 (5th Cir. 1996); Int'l Shortstop, Inc. v. Rally's Inc., 939 F.2d 1257, 1263 (5th Cir. 1991), cert. denied, 502 U.S. 1059 (1992). When a motion for summary judgment is made and supported, an adverse party may not rest upon mere allegations or denials but must set forth specific facts showing there is a genuine issue for trial. Ray v. Tandem Computers, Inc., 63 F.3d 429, 433 (5th Cir. 1995); FED. R. CIV. P. 56.

Both movants and non-movants bear burdens of proof in the summary judgment process. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The movant with the burden of proof at trial must establish every essential element of its claim or affirmative defense. Id. at 322. In so doing, the moving party without the burden of proof need only point to the absence of evidence on an essential

4

element of the non-movant's claims or affirmative defenses. Id. at 323-24. At that point, the burden shifts to the non-moving party to "produce evidence in support of its claims or affirmative defenses . . . designating specific facts showing that there is a genuine issue for trial." Id. at 324. The non-moving party must produce "specific facts" showing a genuine issue for trial, not mere general allegations. Tubacex v. M/V Risan, 45 F.3d 951, 954 (5th Cir. 1995).

In deciding whether to grant summary judgment, the Court should view the evidence in the light most favorable to the party opposing summary judgment and indulge all reasonable inferences in favor of that party. The Fifth Circuit has concluded "[t]he standard of review is not merely whether there is a sufficient factual dispute to permit the case to go forward, but whether a rational trier of fact could find for the non-moving party based upon the evidence before the court." James v. Sadler, 909 F.2d 834, 837 (5th Cir. 1990) (citing Matsushita, 475 U.S. at 586)). To the extent facts are undisputed, a Court may resolve the case as a matter of law. Blackwell v. Barton, 34 F.3d 298, 301 (5th Cir. 1994).

### C. Qualified Immunity

Defendants McKnight, Williams, Albe, Kendrick, and Wheless assert their entitlement to qualified immunity. A government official performing a discretionary function is entitled to qualified immunity unless his actions violate a clearly established right of which a reasonable person would have known. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Where, as here, a defendant invokes qualified immunity in a motion for summary judgment, it is the plaintiff's burden to show that the defendant is not entitled to qualified immunity. See Brown v. Callahan, 623 F.3d 249, 253 (5th Cir. 2010). That is, the plaintiff must present evidence sufficient to create a genuine dispute of material fact as to whether (1) the official's conduct violated a constitutional right of the plaintiff,

and (2) the constitutional right was clearly established so that a reasonable official in the defendant's situation would have understood that his conduct violated that right. See id.; Pearson v. Callahan, 555 U.S. 223, 232 (2009).

    B.    <u>Excessive Force</u>

For several years, district courts within the Fifth Circuit have followed the rule that, "when a pretrial detainee is allegedly the victim of a detention officer's use of excessive force, as explained in <u>Valencia v. Wiggins</u>, 981 F.2d 1440, 1446 (1993) ... such a claim is subject to the same analysis as a convicted prisoner's claim for use of excessive force under the Eighth Amendment." <u>Kitchen v. Dallas County</u>, 759 F.3d 468, 477 (5th Cir. 2014). Under this standard, the issue is whether the defendant used force maliciously and sadistically for the very purpose of causing harm, or in a good faith effort to maintain or restore discipline. In considering this issue courts were instructed to consider the following factors: (1) extent of the injury suffered; (2) the need for the application of the force; (3) the relationship between that need and the amount of force used; (4) the threat reasonably perceived by the defendant, and (5) any efforts made to temper the severity of a forceful response (citing <u>Hudson v. McMillan</u> 503 U.S. 1, 7 (1992)).

In <u>Kingsley v. Hendrickson</u>, 135 S. Ct. 2466, 2473 (2015), however, the Supreme Court held that instead of the subjective test previously applied, "the appropriate standard for a pretrial detainee's excessive force claim is solely an objective one." The Court concluded that in order to prevail a pretrial detainee must show that the force purposely or knowingly used against him was objectively unreasonable. <u>Id.</u> To determine whether a use of force was objectively reasonable, a court should consider the following factors: (1) the relationship between the need for the use of force and the amount of force used; (2) the extent of the plaintiff's injury; (3) any effort made to temper

6

or limit the amount of force; (4) the severity of the security problem at issue; (5) the threat reasonably perceived by the defendant and (6) whether the plaintiff was activity resisting. Id.

Defendants presented the Court with video evidence of the events in questions. The summary judgment evidence clearly demonstrates none of the defendants used excessive force. In fact, two of the defendants were not even present.

The summary judgment evidence shows Plaintiff was tasered due to his violent, aggressive and non-compliant behavior and the amount of force used was objectively reasonable. Plaintiff was given many opportunities to comply with the officers' directives and to cease his disruptive behavior. Despite those opportunities, Plaintiff continued to be disruptive and posed a severe security issue. Plaintiff's behavior provided the defendants with little choice but to use force. While officers tried to subdue Plaintiff, he actively resisted. Plaintiff does not appear to have suffered any injury other than the discomfort of being tased and being strapped to the emergency restraint chair. It appears most of Plaintiff's discomfort was caused by his detoxification from an unknown substance and his state of excited delirium. The summary judgment evidence amply demonstrates Plaintiff had to be medicated for his safety and the safety of medical personnel in order for him to be transported to the hospital to treat his excited delirium. Moreover, the medication was administered by Georgetown EMS, not the defendants. Accordingly, summary judgment is appropriate with regard to Plaintiff's claims relating to use of excessive force.

C. <u>Medical Care</u>[1]

To succeed on a claim of inadequate medical care, Plaintiff must establish the defendants were deliberately indifferent to his serious medical condition, "an extremely high standard to meet." <u>Domino v. Tex. Dept of Criminal Justice</u>, 239 F.3d 752, 756 (5th Cir. 2001); <u>see</u> also <u>Farmer v. Brennan</u>, 511 U.S. 825, 835 (1994) ("[A] prison official cannot be found liable under the Eighth Amendment ... unless the official knows of and disregards an excessive risk to inmate health or safety...."). An incorrect medical diagnosis is not sufficient to establish a claim. <u>Domino</u>, 239 F.3d at 756. Also, disagreement with a course of medical treatment will not suffice. <u>See</u> <u>Norton v. Dimazana</u>, 122 F.3d 286, 292 (5th Cir. 1997); <u>Varnado v. Lynaugh</u>, 920 F.2d 320, 321 (5th Cir. 1991).

Plaintiff has failed to provide the Court with summary judgment evidence showing jail officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." <u>Johnson v. Treen</u>, 759 F.2d 1236, 1238 (5th Cir. 1985). Instead Defendants present summary judgment evidence demonstrating, when Plaintiff showed physical signs of severe detoxification, he was transferred to the hospital under Williamson County's "Excited Delirium protocol." Upon his return from the hospital, Plaintiff was prescribed psychotropic medications and Librium to aid in his detoxification and housed in the infirmary until he was able to be moved to a

---

[1] Because Plaintiff was a pretrial detainee at the time in question, his rights derive from the Fourteenth Amendment, not the Eighth Amendment. <u>See</u> <u>Hare v. City of Corinth</u>, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Having said this, because the standard is essentially the same for both pretrial detainees and post-conviction prisoners, cases applying the Eighth Amendment are still relevant to the Court's analysis.

cell in line with his classification status. He was released from the Williamson County Jail on July 6, 2016.

He was rearrested on July 8, 2016, less than 48 hours later, for carjacking. When Plaintiff became delusional and combative, the officers called EMS, staged him for possible excited delirium, and had him transported to the Round Rock Medical Center. After his release, Plaintiff was booked into the Williamson County Jail. Defendants provide the Court with Plaintiff's medical records kept during his stay. The medical records indicate Plaintiff was provided with constitutionally adequate medical care during his detention. Accordingly, summary judgment is appropriate with regard to Plaintiff's claims relating to medical care.

## RECOMMENDATION

It is therefore recommended that Plaintiff's claims against the Williamson County Jail be dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e). It is further recommended that the defendants' Motions to Dismiss [#29-33] be **DISMISSED**, as they are superseded by the defendants' Supplemental Motion for Summary Judgment [#42]. It is finally recommended that the defendants' Supplemental Motion for Summary Judgment [#42] be **GRANTED** and a take nothing judgment be rendered.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual

findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc); Thomas v. Arn, 474 U.S. 140, 148 (1985); Rodriguez v. Bowen, 857 F.2d 275, 276-277 (5th Cir. 1988).

**SIGNED** on June 9, 2017.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE